935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas A. SMITH, Plaintiff-Appellant,
v.
GSH RESIDENTIAL REAL ESTATE CORPORATION, Defendant-Appellee.
 No. 90-1166.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 12, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-90-1290-N)
 Thomas A. Smith, appellant pro se.
 William Edgar Spivey, Kaufman & Canoles, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thomas Smith filed this action under the Fair Credit Reporting Act, claiming that GSH's willful request and receipt of a credit report from a consumer reporting agency under false pretenses resulted in his "embarrassment, humiliation, and severe emotional distress." The district court granted GSH's motion for summary judgment for reasons stated from the bench and Smith appealed.
 
 
 2
 Annette Smith, Thomas Smith's spouse, filed a lease application with GSH for a home in Virginia Beach. GSH requested and received a credit report for Annette. The report stated that Annette was married to Thomas Smith.
 
 
 3
 Thereafter GSH received a phone call from a man who identified himself as Frank Clark from Professional Leasing. Clark told GSH that he had had prior dealings with the Smiths, that they were terrible credit risks, owning a home that was in the midst of foreclosure, that Thomas would be living in the Virginia Beach residence with Annette, and finally that Annette routinely acted as a front for Thomas to obtain credit.[1]
 
 
 4
 Based on this telephone conversation, GSH requested and received a credit report for Thomas. This report confirmed that he owned property in Virginia Beach and that there were "several sizeable judgments" outstanding against him. GSH met with Annette, who said that she and Thomas were informally separated and that Thomas would not be living at the premises to be leased from GSH. After a co-signor was added, Annette's lease was approved.
 
 
 5
 Smith claimed that GSH violated the Fair Credit Reporting Act, 15 U.S.C. Secs. 1681 et seq., by obtaining a consumer report under false pretenses when it requested and received a credit report for him when his wife filed the lease application. The district court determined that the credit report was properly obtained and granted GSH's motion for summary judgment.
 
 
 6
 In Yohay v. City of Alexandria Employees Credit Union, 827 F.2d 967, 971-72 (4th Cir.1987), this Court interpreted the Fair Credit Reporting Act to impose civil liability on a user of credit information who willfully obtained the consumer report under false pretenses. To determine whether a consumer report has been obtained improperly, reference must be had to the permissible purposes for which consumer reports may be furnished as enumerated in 15 U.S.C. Sec. 1681b. Id.
 
 
 7
 Two statutory provisions are potentially relevant in this case.[2]
 
 
 8
 A consumer reporting agency may furnish a consumer report ...
 
 
 9
 (3) To a person which it has reason to believe
 
 
 10
 (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
 
 
 11
 .............................................................
 
 
 12
 ...................
 
 
 13
 * * *
 
 
 14
 (E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.
 
 
 15
 15 U.S.C. Sec. 1681b(3)(A) and (E). The district court implicitly focused on the credit transaction subsection in its oral opinion.
 
 
 16
 Relying on Koropoulos v. Credit Bureau, Inc., 734 F.2d 37 (D.C.Cir.1984), the district court determined that GSH could properly request and receive the credit report of Thomas because the Smiths were married. In Koropoulos, the wife claimed that she was damaged when she applied for a department store credit card and was refused because of adverse information in her husband's credit report. Although the court was unable to grant summary judgment due to a dispute as to material facts, it reasoned that the credit report of a spouse could be properly obtained under 15 U.S.C. Sec. 1681b(3)(A).
 
 
 17
 The plain language of the provision, that a consumer report may be furnished in connection with a credit transaction involving the consumer on whom the information is to be furnished, seems to prohibit obtaining spousal credit reports. The court noted, however, that the definition of "consumer report" is more liberal. Under the Act, "consumer report" is "any ... communication bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...." 15 U.S.C. Sec. 1681a(d). Thus a spouse's credit report could constitute an applicant's consumer report.
 
 
 18
 The district court here reasoned that Thomas's credit report had such a bearing on Annette's lease application as to constitute a consumer report for Annette. GSH's request and receipt of Thomas's report had a permissible purpose.
 
 
 19
 The Federal Trade Commission's commentary to the Fair Credit Reporting Act supports this view. 55 Fed.Reg. 18,815 (May 4, 1990). Under 15 U.S.C. Sec. 1681b(3)(A), a creditor may request information on an applicant's spouse in a number of circumstances.[3] The state law doctrine of necessaries and its application to the rental transaction is the most relevant circumstance in this case.[4] Because Virginia recognizes the doctrine of necessaries, Va.Code Ann. Sec. 55-37 (1986), the commentary permitted the request of a creditor, GSH, for any information concerning the applicant's spouse, Thomas.
 
 
 20
 This same commentary, however, provided the basis for Thomas's argument that the request and receipt of his credit report was for an impermissible purpose. The commentary reads:
 
 
 21
 There is no permissible purpose to obtain a consumer report on a nonapplicant former spouse or on a nonapplicant spouse who has legally separated or otherwise indicated an intent to legally disassociate with the marriage.
 
 
 22
 55 Fed.Reg. 18, 821 (May 4, 1990). In his affidavit in support of his motion for summary judgment, Thomas averred that prior to Annette's application, he and his wife agreed to separate "with divorce the ultimate end." At that time, Annette opened a personal bank account and changed her residence, and "action was taken to separate any financial dealings." Thomas claimed that, given these facts, no permissible purpose existed to obtain his consumer report for Annette's transaction.
 
 
 23
 GSH responded to this argument in its motion for summary judgment, noting that Thomas failed to show either that GSH knew of the facts concerning Thomas's separation "with divorce the ultimate end" or any willfulness in obtaining the report under false pretenses. A movant for summary judgment may prevail where the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because Thomas made no showing that GSH's request and receipt of his credit report was knowing and willful, the district court's grant of summary judgment to GSH is affirmed.
 
 
 24
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 GSH attempted to reach Frank Clark but was unable to do so. Professional Leasing, Clark's supposed employer, denied having an employee with such a name. Mr. Smith claimed that Frank Clark was in fact Frank Anderson, Mrs. Smith's former husband
 
 
 [2]
 Other provisions concern reports ordered by courts or the consumer himself, 15 U.S.C. Sec. 1681b(1) and (2), or to persons who intend to use the reports for employment, insurance, or licensing purposes, 15 U.S.C. Sec. 1681b(3)(B), (C), and (D)
 
 
 [3]
 Other situations which permit creditors to request spousal information include circumstances where the spouse will use the account or be contractually liable on the account, or where the applicant is relying on the spouse's income or acting as the spouse's agent. In addition, residence in a community property state or use of property located in a community property state as collateral enables a creditor to request spousal credit reports
 
 
 [4]
 The district court noted the relevance of the doctrine of necessaries, indicating that Thomas was responsible for his wife's living arrangements and that although the two were separated, a reconciliation was likely